UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 APR 23 AM 9:51

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. **08 MJ 1238** |
| Plaintiff, | |
| | COMPLAINT FOR VIOLATION OF |
| v. | |
| Alexander ANDRES-Suarez | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- |
| Defendant. | Bringing in Illegal Alien(s) Without Presentation |

The undersigned complainant being duly sworn states:

On or about April 22, 2008, within the Southern District of California, defendant, **Alexander ANDRES-Suarez** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Rosalinda CAMPOS-Medina and Adrian LIMON-Cervantes**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens, and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **23rd** DAY OF **APRIL, 2008.**

UNITED STATES MAGISTRATE JUDGE



SuF

## PROBABLE CAUSE STATEMENT

The complainant states that **Rosalinda CAMPOS-Medina** and **Adrian LIMON-Cervantes** are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 22, 2008, at approximately 1700 hours, **Alexander ANDRES-Suarez (Defendant)**, applied for admission to the United States through vehicle primary lane 6 of the Otay Mesa, California Port of Entry. Defendant was the driver of a 2001 Ford Explorer. A U.S. Customs and Border Protection Officer (CBP) conducting pre-primary roving operations approached Defendant who presented a genuine Border Crossing Card (DSP-150). Defendant stated that the vehicle belonged to his godfather and gave two negative customs declarations. During an inspection of the vehicle, the CBP Officer noticed discrepancies in the gasoline tank straps and in the rear seat of the vehicle. Defendant and the vehicle were subsequently escorted into secondary for further inspection.

In secondary, a CBP Human/Narcotic Detector Dog (NDD/HDD) was utilized and positively alerted to the rear area of the vehicle. An inspection of the vehicle revealed an access panel to a non-factory compartment in the floor of the cargo area of the vehicle. Two persons, a male and a female, were found concealed within the non-factory compartment and removed from the vehicle. The concealed persons were determined to be citizens of Mexico without documents or entitlements to enter the United States and are now identified as **Rosalinda CAMPOS-Medina (MW1)** and **Adrian LIMON-Cervantes (MW2).**

During a videotaped interview, Defendant was advised of his Miranda rights and elected to answer questions without an attorney present. Defendant admitted he believed there were narcotics concealed in the vehicle. Defendant admitted he believed he was smuggling narcotics into the United States in exchange for a payment of $1000.00 USD. Defendant stated he was to take the vehicle to a fast food restaurant in Otay Mesa, California and was to be paid upon his return to Mexico.

A videotaped interview was conducted with the Material Witnesses. Material Witnesses stated that they are citizens of Mexico without documents to lawfully enter the United States. MW1 stated her brothers were going to pay an unknown amount for her to be smuggled into the United States. MW1 stated she was going to Kansas to resume residency. MW2 stated family members made arrangements and were to pay $4000.00 USD for him to be smuggled into the United States. MW2 stated he was going to San Jose, California to resume residency.